IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| **John Doe,** | ) | C. A. No. 8:16-cv-01957-BHH |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Clemson University, Clemson University** | ) | |
| **Board of Trustees, James P. Clements,** | ) | **DEFENDANTS' ANSWER TO** |
| **individually and as agent for Clemson** | ) | **TO PLAINTIFF'S COMPLAINT** |
| **University, Almeda Jacks, individually and as** | ) | **(Jury Trial Requested)** |
| **agent for Clemson University, Alesia Smith,** | ) | |
| **individually and as agent for Clemson** | ) | |
| **University, Suzanne Price, individually and as** | ) | |
| **agent for Clemson University, Loreto Jackson,** | ) | |
| **individually and as agent for Clemson University** | ) | |
| **and David Frock, individually and as agent for** | ) | |
| **Clemson University,** | ) | |
| | ) | |
| **Defendants.** | ) | |

The Defendants above-named, answering the Plaintiff's Complaint herein, would show unto the Court as follows:

**FOR A FIRST DEFENSE**

1. As to the allegations contained in Paragraphs 1 through 20 of the Plaintiff's Complaint entitled, "The Nature of This Action", the Defendants admit the allegations set forth in said Paragraphs which could be construed to allege that the Plaintiff John Doe, while a student at Clemson University, engaged in sexual activity with a fellow female Clemson University student in the evening hours of October 24, 2015. They further admit that the female student identified in the Plaintiff's Complaint as "Jane Doe" submitted a formal Title IX Complaint to the University alleging the sexual activity by John Doe was non-consensual. As a result of the

1

complaint filed by Jane Doe, a Title IX investigation commenced to which allegations of sexual misconduct and violations of the Student Code of Conduct were submitted to an administrative hearing board which convened on February 26, 2016.  They further admit that based on the evidence presented, the hearing board found John Doe in violation of multiple provisions of the Student Code of Conduct to include (i) sexual misconduct; (ii) harm to person; (iii) alcohol; and (iv) disorderly conduct.  A decision order was issued on February 29, 2016 setting forth violations committed by John Doe and sanctions were imposed.  They admit that appeals were filed by both John Doe and Jane Doe to Clemson University Vice President of Student Affairs, Dr. Almeda Jacks.  The decision of the board was upheld by Dr. Jacks, and both John Doe and Jane Doe submitted further appeals to Clemson University President, James P. Clements.  On May 27, 2016, Chief of Staff Max Allen, as designee for President Clements, issued his decision upholding the board's decision and modifying the suspension of John Doe until August 1, 2017.

The Defendants deny all remaining allegations set forth in Paragraphs 1 through 20 which are inconsistent with or in addition to the above admissions.

2.     As to the allegations contained in Paragraphs 31 through 40 of the Plaintiff's Complaint entitled, "Jurisdiction and Venue", inasmuch as these allegations relate to jurisdiction and venue, the Defendants neither admit nor deny same but demand strict proof thereof.

3.     As to the allegations contained in Paragraphs 41 through 65 of the Plaintiff's Complaint entitled, "Agreement, Representations, Covenants and Warranties between Plaintiff and Clemson", the Defendants admit that the Plaintiff, John Doe, was provided with Clemson University's policies and procedures, to include the University's policies in regards to sexual misconduct.  They crave reference to the specific language set forth in said policies and procedures as it relates to the allegations set forth in the Plaintiff's Complaint. The Defendants

2

specifically deny that Clemson University's policies and the implementation of said policies are in violation of Title IX or in violation of any federal or state law applicable to the facts of this case. The Defendants deny all remaining allegations set forth in Paragraphs 41 through 65 which are inconsistent with or in addition to the above admissions.

4.     As to the allegations contained in Paragraphs 66 through 197 of the Plaintiff's Complaint entitled, "The Night of October 24, 2015 (the 'incident')", the Defendants admit only so much of the allegations contained in said Paragraphs as can be construed to allege that a sexual encounter occurred between the Plaintiff, John Doe, and Jane Doe on the night of October 24, 2015.

As to the presentation of the evidence to the administrative hearing board, the Defendants would crave reference to the documents submitted to the board by Plaintiff, John Doe and the complainant Jane Doe; statement and interview summaries obtained through Clemson University's investigative process; and the hearing transcript which sets forth the testimony presented to the board. In further response to the allegations set forth in Paragraphs 66 through 197, the Defendants crave reference to Clemson University's sexual misconduct policy which requires that sexual contact or behavior with a member of the University community must be consensual and the ability of a member of the University community to consent to a sexual act may be negated by a person's impairment due to the influence of alcohol. In addition to the corroborating evidence submitted to the hearing board, the Plaintiff, John Doe, admits that sexual activity occurred with Jane Doe while she was highly intoxicated to which the Plaintiff, John Doe, described the level of intoxication of Jane Doe as…. at the bad end of being drunk. With regards to the allegations set forth in the Complaint which references publication of the sexual activity between John Doe and Jane Doe, the Defendants would crave further reference to the

text messages of the Plaintiff, John Doe, to one or more of his fraternity brothers describing the sexual activity and location, and the subsequent posting of John Doe's text message to the Plaintiff's pledge class GroupMe account.  The Defendants deny the remainder of the allegations set forth in Paragraphs 66 through 197 inconsistent with or addition to the above admissions.

5. As to the allegations contained in Paragraphs 198 through 214 of the Plaintiff's Complaint entitled, "Failure to Avoid Conflicts of Interest", the Defendants deny the allegations set forth in said Paragraphs alleging any conflict of interest, to include any personal or gender bias against the Plaintiff, John Doe.  They would further show that Paragraphs 207 through 214 set forth personal attacks against the Defendant Smith with no basis in fact, and are immaterial, impertinent and scandalous.  Accordingly, these allegations should be stricken from the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

6. As to the allegations contained in Paragraphs 215 through 234 of the Plaintiff's Complaint entitled, "Gender Bias against Plaintiff as the Male Accused", the Defendants would show that the Plaintiff was provided a fair and unbiased hearing in which the Plaintiff was provided notice and opportunity to be heard with regards to the allegations against the Plaintiff. They would further show that the allegations set forth in Paragraphs 215 through 234 fail to identify or set forth any factual basis to support gender bias by any of the named Defendants. The Defendants deny the remaining allegations contained in Paragraphs 215 through 234 inconsistent with or in addition to the above admissions.

7. As to the allegations contained in Paragraphs 235 through 244 of the Plaintiff's Complaint entitled, "Failure to Utilize the Requisite Preponderance of the Evidence Standard", the Defendants deny the allegations set forth in said Paragraphs and would crave reference to the evidence presented to the board, to include the admissions made by the Plaintiff, John Doe, as to

his conduct and John Doe's knowledge of Jane Doe's intoxication and impairment during the night of October 24, 2015.  The Defendants deny the remaining allegations set forth in Paragraphs 235 through 244 which are inconsistent with or in addition to the above admissions.

8.     In response to Paragraph 245 of the Plaintiff's Complaint, the Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

9.     As to the allegations contained in Paragraphs 246 through 268 of the Plaintiff's Complaint entitled, "Violation of Title IX of the Educational Amendments of 1972", the Defendants admit only so much of the allegations contained in said Paragraphs as can be construed to allege that Clemson University receives federal funding and is subject to the provisions of Title IX.  They further admit that Clemson University promulgated its policies and procedures in compliance with Title IX, its regulations and guidelines, as provided to the University by the United States Department of Education.  As to the specific requirements and guidelines mandated by Title IX, the Defendants crave reference to the statute, regulations and guidelines applicable to this case.  The Defendants deny the remaining allegations contained in Paragraphs 246 through 268 which are inconsistent with or in addition to the above admissions.

10.    In response to Paragraph 269 of the Plaintiff's Complaint, the Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

11.    In response to Paragraphs 270 through 324 of the Plaintiff's Complaint entitled, "Violation of the Fourteenth Amendment of the United States Constitution Procedural Due Process", the Defendants would show the allegations set forth in Paragraphs 270 through 324 set forth legal statements and conclusions of law to which no response is required.  The Defendants

deny the remaining allegations contained in said Paragraphs 270 through 324 which are inconsistent with or in addition to the above admissions.

12.     In response to Paragraph 325 of the Plaintiff's Complaint, the Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

13.     In response to Paragraphs 326 through 331 of the Plaintiff's Complaint entitled, "Breach of Contract of Good Faith and Fair Dealings", the Defendants deny the allegations set forth in Paragraphs 326 through 331 of the Plaintiff's Complaint which allege any contractual duty owed to the Plaintiff, to include any breach of the covenant of good faith and fair dealings. They would further show that the Plaintiff, John Doe, was a student at Clemson University and a member of the Clemson community, and as such had a responsibility and obligation to abide by the University's Student Code of Conduct; and that John Doe's failure to do so was a breach of his obligation to Clemson University, the University community and his fellow students. The Defendants deny the remaining allegations contained in Paragraphs 326 through 331 which are inconsistent with or in addition to the above admissions.

14.     In response to Paragraph 332 of the Plaintiff's Complaint, the Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

15.     In response to Paragraphs 333 through 336 of the Plaintiff's Complaint entitled, "Negligence", the Defendants deny the allegations which allege any breach of duty to the Plaintiff based on a theory of negligence.

16. In response to Paragraph 337 of the Plaintiff's Complaint, the Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

17. In response to Paragraphs 338 through 344 of the Plaintiff's Complaint entitled, "Promissory Estoppel", the Defendants deny the allegations regarding a theory of promissory estoppel based on any representation or promise made by these Defendants. The Defendants further deny each and every allegation set forth in Paragraphs 338 through 344 not specifically admitted, qualified or addressed herein.

18. In response to Paragraph 345 of the Plaintiff's Complaint, the Defendants reincorporate and reallege each and every paragraph set forth in their Answer as if fully repeated herein.

19. In response to Paragraphs 346 through 349 of the Plaintiff's Complaint entitled, "Declaratory Judgment", the Defendants deny the allegations contained in Paragraphs 346 through 349 of the Plaintiff's Complaint.

20. The Defendants deny each and every allegation set forth in the Plaintiff's Complaint not specifically admitted, qualified or addressed herein.

**FOR A SECOND DEFENSE**

21. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

22. The Defendants would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to 12(b)(6).

**FOR A THIRD DEFENSE**

23.   The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

24.   The Defendants would show the Court lacks subject matter jurisdiction and, therefore should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**FOR A FOURTH DEFENSE**

25.   The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

26.   The Defendants would show that the allegations set forth in Paragraphs 207 through 214 of the Plaintiff's Complaint are scandalous, personal attacks on the Defendant Smith and are immaterial and impertinent to the allegations in the Plaintiff's Complaint; as such, the Defendants would move to strike the allegations in said Paragraphs pursuant to 12(f) of the Federal Rules of Civil Procedure.

**FOR A FIFTH DEFENSE**

27.   The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

28.   The Defendants hereby assert qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and, therefore, the Plaintiff's Complaint should be dismissed.

**FOR A SIXTH DEFENSE**

29.   The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

30.	The Defendants assert that punitive damages cannot be recovered against a governmental entity and against governmental officials sued in the official capacity under 42 USC § 1983; therefore, the Plaintiff's claim for punitive damages should be stricken.

## FOR A SEVENTH DEFENSE

31.	The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

32.	The Defendants assert that Clemson University and the individually named employees are not "person[s]" for purposes under a "due process" claim or 42 USC §1983 as they are sued in their official capacity; therefore, the Plaintiff's Complaint should be dismissed.

## FOR AN EIGHTH DEFENSE

33.	The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

34.	The Defendants assert sovereign immunity as an affirmative defense to Plaintiff's Complaint; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A NINTH DEFENSE

35.	The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

36.	The Defendants assert that at all times relevant hereto, the Defendants as well as any individuals acting on their behalf, are governmental officials performing discretionary functions and actions which would reasonably have been thought consistent with the rights of the Plaintiff, and of which each of them has alleged to have violated.  Therefore, the Defendants are immune from suit as a matter of law.

**FOR A TENTH DEFENSE**

37.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

38.     The Defendants assert that they were never deliberately indifferent to any of the Plaintiff's needs or rights and, therefore, the Plaintiff's Complaint should be dismissed.

**FOR A ELEVENTH DEFENSE**

39.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

40.     The Defendants would show that their actions with regard to the Plaintiff were based upon an objective reasonable right based upon the existing law, which objective reasonable rights is a complete bar to Plaintiff's causes of actions against these Defendants. Therefore, Plaintiff's Complaint should be dismissed.

**FOR AN TWELFTH DEFENSE**

41.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

42.     The Defendants would show that in acting with regard to the Plaintiff, they had no knowledge that any such actions were in violation of any of the Plaintiff's clearly established constitutional rights (which violations are specifically denied) which lack of knowledge is a complete bar to one or more of the Plaintiff's causes of actions against the Defendants. Therefore, Plaintiff's Complaint should be dismissed.

**FOR A THIRTEENTH DEFENSE**

43.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

44.     The Defendants would show that with regard to their actions alleged in their official capacities, liability for such actions are barred by immunity afforded by statutes, case law, United States Constitution and the Constitution of the State of South Carolina; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A FOURTEENTH DEFENSE

45.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

46.     The Defendants assert that at all times relevant hereto, the Defendants, as well as any individuals acting on behalf of the Defendants, in performance and non-performance of the alleged acts in the Complaint did not perform any acts, or fail to perform any acts, in bad faith and in a malicious manner with corrupt motives, or with deliberate indifference, and therefore each is immune from suit.

## FOR A FIFTEENTH DEFENSE

47.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

48.     The Defendants would show that in regard to the allegations of wrong doing in their official capacity, such actions were taken in good faith, within the scope of their official duties, which good faith is a bar to one or more of the Plaintiff's causes of action against the Defendants.  Therefore, the Plaintiff's Complaint should be dismissed.

## FOR A SIXTEENTH DEFENSE

49.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

50. The Defendants would show that their actions with regard to the Plaintiff were based upon an objective reasonable reliance upon existing law, which objective, reasonable reliance is a complete bar to Plaintiff's causes of action against the Defendants.

## FOR A SEVENTEENTH DEFENSE

51. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

52. The Defendants assert that they cannot be held liable under a "due process" claim or 42 U.S.C. § 1983 under theories of *respondeat superior* and/or any vicarious liability; therefore, the Plaintiff's Complaint should be dismissed.

## FOR AN EIGHTEENTH DEFENSE

53. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

54. To the extent not specifically raised, qualified or answered herein, the Defendants assert any and all provisions under the South Carolina Tort Claims Act, as set forth in § 15-78-10, *et. seq.*, including sovereign immunity, as a complete defense to the Plaintiff's claims; therefore the Plaintiff's Complaint should be dismissed.

## FOR A NINETEENTH DEFENSE

55. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

56. The Defendants plead all rights and immunities pursuant to §15-78-100, *et seq.* of the South Carolina Code of Laws.

## FOR A TWENTIETH DEFENSE

57. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

58. The Defendants plead all rights, immunities and limitations of liability pursuant to §15-78-120 of the South Carolina Code of Laws and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A TWENTY-FIRST DEFENSE

59. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

60. The Defendants plead all rights and immunities pursuant to §15-78-60 of the South Carolina Code of Laws, including, but not limited to, §§ 1, 2, 3, 4, 5, 16, 20, 23 and 25. Accordingly, the Plaintiff's Complaint must be dismissed.

## FOR A TWENTY-SECOND DEFENSE

61. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

62. The Defendants assert all defenses and immunities pursuant to §15-78-70 and §15-78-200 of the South Carolina Code of Laws; therefore, Plaintiff's Complaint should be dismissed.

## FOR A TWENTY-THIRD DEFENSE

63. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

64. The Defendants assert all defenses and immunities pursuant to §15-78-110 of the South Carolina Code of Laws and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A TWENTY-FOURTH DEFENSE

65.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

66.     The Defendants assert as an affirmative defense to the Plaintiff's Complaint the provisions and limitations of §15-78-30(f) & (g) of the South Carolina Code of Laws, and therefore the Plaintiff's Complaint should be dismissed.

## FOR A TWENTY-FIFTH DEFENSE

67.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

68.     The Defendants allege that if any injuries and damages were sustained by the Plaintiff, said injuries and damages were caused by the greater negligence and/or willfulness of the Plaintiff, which exceeds the negligence and/or willfulness, if any, on the part of the Defendants, without which greater negligence and/or willfulness on the part of the Plaintiff, said alleged injury or damage would not have occurred or been sustained and for that reason, the Plaintiff is totally barred from recovery.

## FOR A TWENTY-SIXTH DEFENSE

69.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

70.     Alternatively, the Defendants allege that if any injuries and damages were sustained by the Plaintiff, said injuries and damages were caused by the negligence and/or willfulness of the Plaintiff, combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of the Defendants, and for that reason the Plaintiff's recovery, if any, shall be reduced in proportion to the amount of his own negligence.

**FOR A TWENTY-SEVENTH DEFENSE**

71.    The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

72.    The Defendants deny the basis for any contractual rights between the parties. Notwithstanding the lack of a contractual obligation between the parties, the Defendants would show that the Plaintiff was found in violation of the University's Code of Conduct; therefore, the Plaintiff has materially breached any contractual rights alleged to be established by way of the University's Student Handbook or otherwise.

**FOR A TWENTY-EIGHTH DEFENSE**

73.    The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

74.    The Defendants allege that the Plaintiff's claims are barred in whole or in part by the doctrines of accordance and satisfaction, laches, waiver and estoppel, consent, ratification, release and/or acquiescence.

**FOR A TWENTY-NINETH DEFENSE**

75.    The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

76.    The Defendants allege that the Plaintiff's suspension from the University was caused in whole or in part by his own conduct and that, as such, the doctrine of unclean hands bars the Plaintiff from any recovery.

**FOR A THIRTIETH DEFENSE**

77.    The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

78. The Defendants allege that the Plaintiff has failed to mitigate his damages and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A THIRTY-FIRST DEFENSE

79. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

80. The Defendants allege the Plaintiff has failed to exhaust administrative remedies and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A THIRTY-SECOND DEFENSE

81. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

82. The Defendants assert absolute and/or quasi-judicial immunity and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A THIRTY-THIRD DEFENSE

83. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

84. The Defendants are immune under the Eleventh Amendment of the United States Constitution and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A THIRTY-FOURTH DEFENSE

85. The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

86. The Defendants assert Plaintiff's Complaint is barred by the Economic Loss Rule and therefore, should be dismissed.

## FOR A THIRTY-FIFTH DEFENSE

87.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

88.     The Defendants allege that the Plaintiff knew or should have known of the risk of his behavior and also knew or should have known that by engaging in this conduct, he assumed the risk of being involved in the incident in the fashion in which he was.

## FOR A THIRTY-SIXTH DEFENSE

89.     The Defendants reincorporate and reallege each and every paragraph set forth above in their Answer as if fully repeated herein.

90.     The Defendants assert any and all immunities and defenses under Title IX of the Education Amendments of 1972, codified as 20 U.S.C. §§1681-1688.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendants pray that the Complaint be dismissed with costs.

WILLSON JONES CARTER & BAXLEY, P.A.

BY:     s/Charles F. Turner, Jr.
        Charles F. Turner, Jr. (Fed. ID #5849)
        Wilson S. Sheldon (Fed. ID #5464)
        872 South Pleasantburg Drive
        Greenville, SC  29607
        Phone:  864-672-3712
        Fax:    864-235-6015
        CFTurner@wjlaw.net
        WSSheldon@wjlaw.net
        Attorneys for the Defendants

Greenville, South Carolina
Dated:  July 19, 2016