UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John Doe, | ) | C/A No. 8:16-cv-1957-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Clemson University, Clemson University Board of Trustees, James P. Clements, individually and as agent for Clemson University, Almeda Jacks, individually and as agent for Clemson University, Alesia Smith, individually and as agent for Clemson University, Suzanne Price, individually and as agent for Clemson University, Loreto Jackson, individually and as agent for Clemson University, and David Frock, individually and as agent for Clemson University, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **OPINION AND ORDER** |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion to File Under Seal, ECF No. 80, and Plaintiff's Motion to File Under Seal, ECF No. 82. For the reasons set forth in this Order, the Motions are granted.

## **BACKGROUND**

On June 15, 2016, Plaintiff filed a Complaint alleging several causes of action related to Defendants' handling of allegations of nonconsensual sexual activity against Plaintiff. ECF No. 1. In March 2018, the parties participated in mediation and resolved the case. Thereafter, the Court entered a *Rubin* Order giving the parties sixty (60) days to consummate the settlement. ECF No. 76. On May 24, 2018, Defendants filed a Motion to Enforce Settlement Agreement. ECF No. 79. In support of their Motion, Defendants

filed an accompanying Motion to File Under Seal, in which they requested leave to file their Memorandum in Support of Motion to Enforce Settlement Agreement and attached exhibits under seal. ECF No. 80. In response, Plaintiff filed a Motion to File Under Seal, in which he requested leave to file his Response in Opposition to Defendants' Motion to Enforce Settlement Agreement and a Motion to Void Settlement in Principle and Reopen the Instant Action and attached exhibits under seal. ECF No. 82. The parties submitted a copy of the various documents they seek to file under seal to the Court for an *in camera* review.

## LEGAL STANDARD

In *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), the Fourth Circuit recognized that a U.S. District Court has "supervisory power over its own records and may, in its discretion, seal documents if the public's right or access is outweighed by competing interests." *See also In re Knight Publishing*, 743 F.2d 231, 234 (4th Cir. 1984). There is a presumption in favor of public access to court records. *Ashcraft*, 218 F.3d at 302. A District Court, however, has discretion to seal court records if: (1) it gives public notice of the request to seal so as to allow interested parties a reasonable opportunity to object; (2) it considers less drastic alternatives to sealing the documents; and (3) it provides specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.*

## DISCUSSION

Under the circumstances of this case, the Court finds it is appropriate to grant each of the parties' Motions to File Under Seal.

Regarding the first factor, Local Civ. Rule 5.03(D) (D.S.C.) provides that the docketing of a motion to seal in a manner that discloses its nature constitutes public notice of the motion.

Regarding the second and third factors, the Court has reviewed the submitted documents and has determined that there are no less drastic alternatives available aside from sealing the documents. Specifically, the documents contain confidential and sensitive information about an alleged sexual assault and the Plaintiff's academic records. To that end, the Court previously granted Plaintiff's Motion to Proceed Under Pseudonym, ECF No. 28, and sealing the requested documents here would best effectuate the intent and purpose of the Court's prior Order. Under the unique circumstances of this case, the public's right to obtain this information is outweighed by the competing interest of the parties in keeping information about Plaintiff's identity and the alleged sexual assault undergirding this case confidential. Therefore, in accordance with Local Civil Rule 5.03 (D.S.C.), the Motions to Seal are granted.

## **CONCLUSION**

For the reasons set forth above, the Motions to Seal are **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

June 11, 2018
Spartanburg, South Carolina