IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

------------------------------------------------------------------------X

**JOHN DOE,**

                                                                        **Plaintiff,**

        – against –

**CLEMSON UNIVERSITY, CLEMSON UNIVERSITY BOARD OF TRUSTEES, JAMES P. CLEMENTS,** individually and as agent for Clemson University, **ALMEDA JACKS,** individually and as agent for Clemson University, **ALESIA SMITH,** individually and as agent for Clemson University, **SUZANNE PRICE,** individually and as agent for Clemson University, **LORETO JACKSON,** individually and as agent for Clemson University and **DAVID FROCK,** individually and as agent for Clemson University,

                                                      **Defendants.**

Civil Action No.: 8:16-cv-1957

------------------------------------------------------------------------X

**AFFIDAVIT OF ▉▉▉▉▉ IN OPPOSITON TO
DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND
IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO VOID SETTLEMENT IN
<u>PRINCIPLE AND REOPEN ACTION</u>**

STATE OF SOUTH CAROLINA    )
                                              ) ss.:
COUNTY OF BERKELEY          )

        ▉▉▉▉▉ being duly sworn, deposes and says:

1.    I am the father of Plaintiff in the above-captioned action. As such, I am fully familiar with the facts set forth below. I submit this affidavit in opposition to Defendants' Motion to Enforce Settlement Agreement and in support of Plaintiff's Cross-Motion to Void Settlement in Principle and Reopen Action in the above-captioned matter.

2.    I attended the nearly eleven (11) hour mediation on March 21, 2018.

2

3. The only time my family encountered Defendants or Defendants' counsel was at the opening arguments portion of the mediation. We were never afforded any face-to-face discussions and completely had to rely on Bo Wilson for all first-hand information.

4. Over the course of the day, the mediator, Bo Wilson, repeatedly met with counsel for my son and counsel for Defendants. At times, Mr. Wilson would meet with counsel for Defendants on his own. At other times, Mr. Wilson would meet with my son's former counsel and counsel for Defendants simultaneously.

5. Following their meetings with counsel for Defendants, Mr. Wilson and my son's former counsel would return to the conference room where my family was situated to relay Defendants' position.

6. Mr. Wilson and my son's former counsel repeatedly indicated that Defendants' counsel informed them there was "more to come" leading to a comprehensive settlement of the case, including an agreement to expunge Clemson's disciplinary findings from my son's education records and a plan for how Clemson would respond to any third-party queries regarding my son's disciplinary history.

7. At no time during the mediation did counsel for Defendants inform my son that accepting a monetary settlement form the South Carolina Insurance Reserve Fund would open up his educational records to public scrutiny.

8. Mr. Wilson and my son's former counsel informed us that we needed to take a "leap of faith" on the "gentlemen's handshake between legal professionals" that a complete settlement would be reached at a later date. We were strongly encouraged by Bo Wilson and my son's former counsel to accept this presentation and pledge at face value.

9. The mediation was a very stressful and emotional event. In the early evening, my

son broke down emotionally.  Mr. Wilson and counsel for Defendants seized this opportunity to strong-arm my son into signing the incomplete hand-written document described below.  As trained professionals, Mr. Wilson and counsel for Defendants should have been cautious in a situation where an emotionally fragile young man was signing a significant document.

10. My son signed a hand-written document to memorialize that a deal was made in principle with the expectation that a complete settlement document reflecting all of the representations put forth by Defendants' counsel during the mediation would be consummated sometime in the future.

11. This understanding and promise is what drove the next six-plus months of ongoing negotiation discussions, emails, and meetings.  My understanding of Defendants' promise is also why I submit this affidavit at this time.

12. Everyone at the mediation knew that my son plans on going to medical school and, therefore, knew that there could be no settlement without expungement of the disciplinary findings and a plan for replying to questions related to my son's disciplinary history.  Mr. Wilson and counsel for Defendants led us to believe that these were inherent parts of our agreement.

13. On May 11, 2018, Defendants provided a document titled "Settlement Agreement and Mutual Release."

14. The Settlement Agreement and Mutual Release did not contain any provisions indicating that Defendants would be expunging Clemson's disciplinary findings or that Defendants had developed a protocol for dealing with any questions regarding my son's disciplinary history.  The incompleteness of the Settlement Agreement and Mutual Release required a meeting in Columbia between the parties on August 10, 2018.

15. The meeting between my son's current counsel and Defendants counsel on August

10, 2018 was, in my view, a continuance of the negotiation efforts that were taking place by email and telephone. My understanding it was a very productive event where Defendants addressed the details of how my son's disciplinary history would be expunged from his educational records, plus a variety of other terms.

16.   Accordingly, my son's current counsel sent a redlined copy of the Settlement Agreement and Mutual Release to counsel for Defendants to ensure that the complete terms of the settlement were incorporated into the final document. I was and am under the impression that my son's current counsel has been in ongoing negotiations with Defendants' counsel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Sworn to before me on this
__8__ day of November 2018.

_Thomas Pomposelli_
Notary Public

[Notary Seal: THOMAS POMPOSELLI, NOTARY PUBLIC, SOUTH CAROLINA]

{1068-105.4}

4