UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John Doe, | ) | C/A No. 8:16-cv-1957 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Clemson University, Clemson University Board of Trustees, James P. Clements, individually and as agent for Clemson University, Almeda Jacks, individually and as agent for Clemson University, Alesia Smith, individually and as agent for Clemson University, Suzanne Price, individually and as agent for Clemson University, Loreto Jackson, individually and as agent for Clemson University, and David Frock, individually and as agent for Clemson University, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **OPINION AND ORDER** |
| Defendants. | | |

This matter is before the Court on Defendants' Motion to Enforce Settlement Agreement. ECF No. 79. Plaintiff filed a Response in Opposition and Cross-Motion to Void Settlement in Principle and Reopen the Instant Action. ECF No. 90.

## **BACKGROUND**

On June 15, 2016, Plaintiff filed a Complaint alleging several causes of action related to Defendants' handling of allegations of nonconsensual sexual activity against Plaintiff. ECF No. 1. On March 21, 2018, the parties participated in mediation and

resolved the case. At mediation, the terms of the agreement were reduced to writing in a Settlement Agreement. ECF No. 93-1. The Settlement Agreement states:[1]



The Settlement Agreement was signed by the Plaintiff, Plaintiff's counsel,[2] the General Counsel for Clemson University, and counsel for Defendants. ECF No. 93-1. On March 27, 2018, this Court entered an Order of Dismissal, which dismissed the case without costs and without prejudice, permitting the parties to petition the Court within sixty days to reopen the case if settlement is not consummated or, alternatively, to enforce the settlement agreement. ECF No. 76.

On May 8, 2018, Plaintiff terminated his relationship with his former attorneys and sought new counsel. ECF No. 92-1 at 10. On May 10, 2018, Defendants sent Plaintiff a "Settlement Agreement and Mutual Release which [they had] drafted for [his] review and execution." ECF No. 93-2 at 2. The Settlement Agreement and Mutual Release

---

[1] Much of the Settlement Agreement was handwritten. Therefore, the Court will recite the exact language, punctuation, and capitalization used by the parties.

[2] Plaintiff has subsequently retained new counsel.

2

memorialized the terms of the Settlement Agreement reached during the mediation.  *Id.* at 4–9.  Defendants' letter acknowledged Plaintiff's termination of his attorneys and also forwarded a Stipulation of Dismissal with Prejudice for Plaintiff to sign, noting that a check would be sent as soon as the documents were received.  *Id.* at 2–3.  Defendants' letter requested signed copies of these documents within five days of receipt of the letter.  *Id.* at 3.

Thereafter, Plaintiff retained new counsel who called counsel for Defendants.  ECF No. 92-1 at 10.  According to Plaintiff, "during that call, counsel for Defendants could not articulate: (1) how Clemson would treat [his] disciplinary records internally; (2) how Clemson would respond to third-party requests inquiring about [his] disciplinary records; or (3) whether Clemson would disclose any settlement agreement when confronted with a public records information request for same and, if so, whether [his] identity would be safeguarded."  *Id.*  Following the call, Plaintiff's new counsel submitted redlined changes to the Settlement Agreement and Mutual Release to Defendants.  *Id.*  In response, Defendants filed a Motion to Enforce the Settlement Agreement, and Plaintiff filed a Response in Opposition and Cross-Motion to Void Settlement in Principle and Reopen the Instant Action.  ECF Nos. 79, 90.  Since that time, the Court has held several telephone conferences and hearings and has permitted the parties to engage in prolonged mediation to attempt to resolve the outstanding Motions.  On March 25, 2019, the Court was informed that the parties have reached an impasse.

## **LEGAL STANDARD**

District Courts "have inherent authority, deriving from their equity power, to enforce settlement agreements. *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002) (citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). "[T]o exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Id.* at 540–41 (citation omitted). "If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreements terms, the district court may not enforce a settlement agreement *summarily*." *Id.* at 541 (citation omitted). "Instead, when such factual disputes arise, the court must conduct a plenary evidentiary hearing in order to resolve that dispute and make findings on the issues in dispute." *Id.* (internal citations and quotations omitted). "If a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement." *Id.*

## **DISCUSSION**

Throughout the filings in this case, Plaintiff contends that he was told "more is coming" at the mediation. However, it is uncontested that Plaintiff signed the Settlement Agreement drafted during the mediation, which does not include any of the terms Plaintiff now claims he expects to be addressed, such as "how Clemson will treat Plaintiff's disciplinary record, as opposed to Plaintiff's transcript; how Plaintiff's transcript will reflect the parties' proposed agreement; how Clemson will respond to third-party requests for Plaintiff's disciplinary record; and how Clemson would handle a public records request concerning the proposed settlement agreement." ECF No. 92 at 5. While those concerns

4

are legitimate, it appears from the plain language of the Settlement Agreement that they were not addressed during mediation.

After reviewing the filings in this case and the arguments of counsel, the Court finds that the parties unambiguously reached a settlement during the mediation. The plain terms of that settlement are set forth in the signed Settlement Agreement:



ECF No. 93-1 at 2–3.

In an effort to minimize the legal effect of this signed agreement, Plaintiff points out that the proposed lengthier Settlement Agreement and Mutual Release, which was sent to Plaintiff on May 10, 2018 contains the following language:



ECF No. 93-2 at 7. According to Plaintiff, the lack of any merger or integration clause in

this recital indicates that the parties understood the March 21, 2018 handwritten document to not be a binding settlement agreement. The Court rejects Plaintiff's argument, as the May 10, 2018 Settlement Agreement and Mutual Release was simply a proposed agreement with standard, boilerplate language to complement the agreed upon terms in the March 21, 2018 Settlement Agreement. Regardless of the substance of the proposed May 10, 2018 agreement, Defendants have only moved to enforce the March 21, 2018 Settlement Agreement that was signed at mediation.

While the Court finds that the terms of the March 21, 2018 Settlement Agreement are clear and unambiguous, the Court held a hearing on the Motions and accepted evidence from the parties out of an abundance of caution. To that end, the Court reviewed the Affidavits of (1) W. Charles Hood, Jr., General Counsel for Clemson University, (2) John Doe; (3) John Doe's Mother; (4) and John Doe's Father. ECF Nos. 92, 104–06. The representations of John Doe and his parents regarding more being promised during the settlement negotiations are simply unsupported by the plain and unambiguous language of the Settlement Agreement, as signed by the parties at the mediation immediately after an agreement was reached. Accordingly, the Court enforces the Settlement Agreement as executed on March 21, 2018. Defendants are directed to provide Plaintiff with a check for ███████ in consideration for Plaintiff's release of his claims against the Defendants.

That said, the Court understands that this is a difficult case for all parties involved. The events underlying this lawsuit have changed the course of young peoples' lives. In every interaction with the Court, Defendants have shown a willingness to try to accommodate Plaintiff's needs in preserving his reputation. However, the subject matter

of student educational and disciplinary records are governed by a variety of laws, which may constrain what Defendants are able to do to accommodate Plaintiff above and beyond what the Settlement Agreement requires. The Court strongly encourages Defendants to continue in their efforts to help Plaintiff and his accuser move past this incident. Unfortunately, given the plain and unambiguous terms of the Settlement Agreement—which Plaintiff signed—strong encouragement is all the Court can provide.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Enforce Settlement Agreement, ECF No. 79, is **GRANTED,** and Plaintiff's Cross-Motion to Void Settlement in Principle and Reopen the Instant Action, ECF No. 90, is **DENIED**.

IT IS SO ORDERED.

                                                                      s/Donald C. Coggins, Jr.
                                                                      United States District Judge

March 25, 2019
Spartanburg, South Carolina